IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
CLAUDINE CLARA COLLINS,        *
                               *
     Plaintiff,                *
                               *
     v.                        *     CV 621-007
                               *
TORT LAW GROUP and OFFICE OF   *
GENERAL COUNSEL,               *
                               *
     Defendants.               *
```

O R D E R

Presently before the Court is Plaintiff's motion for default judgment. (Doc. 5.) Federal Rule of Civil Procedure 55 allows a party to seek default judgment pursuant to a two-step process. First, if a defendant fails to plead or otherwise defend the lawsuit, the clerk is authorized to enter a clerk's default. Only after default is entered may a party seek default judgment. See Bardfield v. Chisholm Props. Circuit Events, LLC, No. 3:09cv232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (listing cases for the proposition that a party may not apply for default judgment without first asking the clerk to enter default).

Plaintiff has not specifically moved for default, and since a plaintiff may not receive default judgment without the entry of default, Plaintiff's motion is **DENIED** as premature. However, liberally construing Plaintiff's motion as a motion for entry of

default, the Court addresses whether entry of default is proper in this matter.

The entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). However, before a clerk's default can be issued, "the serving party must establish that defaulting party was properly served." FDIC for Hillcrest Bank Fla. v. Colony Corp. Ctr., LLC, No. 2:10-cv-774, 2011 WL 13294823, at *1 (M.D. Fla. Apr. 7, 2011) (citing Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007)). Therefore, before directing the Clerk to enter default, the Court must first determine whether Plaintiff properly effected service of process. See Vilchez v. 3F Mgmt., LLC, No. 2:16-cv-652, 2016 WL 6395351, at *1 (M.D. Fla. Oct. 28, 2016) (citation omitted).

To properly serve a United States agency, Rule 4(i) provides: "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2). The Affidavit of Process Server states that "Tort Law Group - VA Central Office" was served on May 13, 2021 by delivering a copy of the summons and complaint to its legal assistant and authorized agent. (Doc. 5, at 3.) However, there is no evidence

that the United States was also served; therefore, the Tort Law Group has not been properly served, and default is not warranted.

As to the Office of General Counsel, the "Investigative Due Diligence Affidavit" states that the process server was unable to serve the office because they were teleworking the day the process server visited. (Id. at 5-6.) This Defendant has therefore not been properly served and entry of default is improper at this time.

For the foregoing reasons, Plaintiff's motion for entry of default judgment (Doc. 5) is **DENIED**. To the extent Plaintiff's motion is a motion for entry of default, neither of the Defendants have been properly served, and as such the Court **DENIES** any request to enter default at this time.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of October, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA